UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CURTIS EDWARD ALVEY, JR.**                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:20-CV-141-GNS**

**WARREN COUNTY SHERIFF'S OFFICE**                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* action initiated by Plaintiff Curtis Edward Alvey, Jr. Plaintiff has filed two applications to proceed without prepayment of fees. Upon review of the second application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Thus, **IT IS ORDERED** that the second application (DN 6) is **GRANTED** and that the first application (DN 3) is **DENIED as moot**.

This matter is before the Court for initial review pursuant to 28 U.S.C. 1915(e). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff initiated this action by filing a federal claim form titled "Claim for Damage, Injury, or Death" (DN 1). Plaintiff indicates that the federal agency the form should be submitted to is the Warren County Sheriff's Office (WCSO). Under the section titled "Basis of Claim," he has written:

> After several contacts with the [WCSO] involving violence in the work place, violence in my personal life involving minors and strangers, and several situations that include strange cyber activity, excessive criminal activity, potential identify theft matters, and my nine year old daughter. I never received assistance from the [WCSO] potentially placing my life in danger and child in harms way.

In the section which instructs Plaintiff to state the "basis and extent of each injury or cause of death . . . ," Plaintiff states, "This was the first incident involving the [WCSO]. But not the first

incident in a string of patterns and situations that would involve Violations of my Constitutional Rights and Violations."

Upon receiving a deficiency notice instructing Plaintiff that he must file a complaint on a Court-supplied complaint form, he then filed two such forms (DNs 1-2 & 1-4). On the first complaint form, Plaintiff indicates that the Defendant in this action is the WCSO and that the action is brought pursuant to the Federal Tort Claims Act. He states, "After several attempts to report a crime that places my life in danger + my daughters I was neglected + had my civil rights violated. This effecting my education. I am pressing criminal charges[.]" He then states that he is "asking $20,000,000 + seeking to press criminal charges[.]"

On the second complaint form, Plaintiff indicates he is suing federal, state, and local officials for "I believe all my civil rights are being violated." In the "Statement of Claim" section of the second complaint form, Plaintiff indicates that the incident giving rise to his claim occurred on August 12, 2020. He then describes the incident as follows:

> There are several witnesses and suspects. Once I contacted the police to help me pursue a crime I am a victim of. I was given blank looks, and had my life placed in harms way yet again. Crimes will include black mail, identity theft, extortion, kidnapping, attempted murder, and many more.

Under the "Injuries" section of the second complaint form, Plaintiff writes:

> I have spoken to several law enforcement agencies about my injuries and crimes I am a victim of but none have helped me. I have also spoken to school counselors, but they never responded to me about helping me, just offered more therapy. My head hurts I get dizzy and I'm scared I'm going to be shot or die in a car crash.

In the "Relief" section of the second complaint form, Plaintiff states, "Originally I requested $20,000,000 but now I am pressing charges because I fear for me life."

**II.**

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Court construes the complaint as asserting that the WCSO is liable to Plaintiff for failing to investigate crimes that he reported. A private citizen, however, "has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime." *Matthews v. Craige*, No. 1:16-CV-11680, 2016 U.S. Dist. LEXIS 83383, at *11 (E.D. Mich. June 28, 2016); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.")); *see also Douglas v. City of Cleveland*, No. 1:12 CV 1145, 2012 U.S. Dist. LEXIS 143919, at *13-14 (N.D. Ohio Oct. 4, 2012) (citing cases); *White v. City of Toledo*, 217 F. Supp. 2d 838, 841-42 (N.D. Ohio 2002) (same).

Moreover, Plaintiff may not ask this Court to press charges. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

Thus, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: September 10, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4416.011